IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                 Plaintiff,

  v.

RANDALL R. HEPP, DYLON RADTKE,
CHRIS KREUGER, MARK SCHOMISCH,
B. MLODZIK, M. PATTEN, R. LYYSKI, JOHN BAHR,      OPINION and ORDER
CATHY JESS, JULIE DAHM, SARAH FELTES,
MS. J. BOVEE, LAURA BARTOW, A. HOLT,              19-cv-417-jdp
E. DAVIDSON, M. GREENWOOD, HARPER,
and DW SECRETARY RASMUSSEN,

                 Defendants.

---

Plaintiff Ryan K. Rozak, appearing pro se, is a prisoner at Fox Lake Correctional Institution (FLCI). Rozak alleges that defendant prison officials repeatedly opened his legal mail out of his presence, and denied his open-records requests for information about prisoner grievances regarding mail tampering. He has made an initial partial payment of the filing fee as previously ordered by the court.

The next step is for me to screen Rozak's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read his pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). For reasons explained below, I conclude that Rozak's allegations about mail tampering are too vague to satisfy Federal Rule of Civil

Procedure 8, and I will give Rozak a short time to supplement his allegations about these claims. I will deny him leave to proceed on the rest of his claims.

FACTUAL ALLEGATIONS

Rozak alleges that prison officials routinely open his legal mail before it gets to him. From May 2013 to December 2018, staff opened his legal mail 15 times. During this several-year period, Rozak complained to various prison staff members. Defendants Sergeant Harper, Captain Mlodzik, and mailroom worker A. Holt have acknowledged what they say are mistakes by mailroom workers. Rozak believes that his legal mail being opened so many times cannot be chalked up to mistakes.

Rozak filed a series of grievances about the opening of legal mail. He won some of those grievances and lost others. As part of a grievance, Rozak asked defendant complaint examiner Laura Bartow about how often prisoner legal mail is opened. She said that they do not keep track, but that legal mail is inadvertently opened every day. Through the grievance process, defendants Warden Randall Hepp, Deputy Warden Chris Krueger, and Security Director Mark Schomisch were alerted to the problem, but Rozak's mail continued to be opened.

Rozak made an open records request to defendant Sarah Feltes regarding grievances filed by prisoners about legal mail being opened. Feltes did not indicate on the form whether his request was granted or denied, which Rozak inferred was a denial. Rozak filed a series of grievances about his open-records requests, but none of them was successful.

ANALYSIS

Generally, as part of a prisoner's First Amendment right of access to the courts, prison staff may not open correspondence from a prisoner's lawyer out of the prisoner's presence. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). To win on an access-to-the-courts claim, Rozak needs to show an underlying nonfrivolous claim that the prison officials' actions impeded. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996). But Rozak does not explain what legal action or actions he had that were hindered by defendants' actions.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The purpose of Rule 8 is fair notice, and thus a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Because Rozak does not explain how he was harmed by the alleged mail tampering, his complaint violates Rule 8. But I will give him a short time to submit a supplement in which he explains what non-frivolous claim was hindered by defendants' actions; he can do so by explaining what litigation the opened legal mail was for.

Even had Rozak stated an access-to-the-courts claim, it would still leave the question about the proper defendants for that claim. Rozak does not explicitly say who opened his mail. But I take him to be attempting to bring claims against the prison officials who he made aware of the problem yet failed to correct it. *See Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (supervisors could be personally involved in a constitutional deprivation if they

3

"know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see"). Rozak says that the following mailroom staff or prison supervisors were made aware of the problem: defendants Hepp, Krueger, Schomisch, Mlodzik, Holt, and Harper. If Rozak supplements his complaint to explain how he was harmed by the tampering, I would allow him leave to proceed against these officials.

Rozak seeks leave to proceed against various complaint examiners for denying grievances about the opening of his mail. But I would not allow him to proceed on claims against any of the examiners because he does not explain how the continued problem was the fault of grievance examiners: he won at least some of his grievances, and examiners alerted higher-level staff members to the problem. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (Claim against complaint examiner fails where prisoner "has not accused [examiner] of refusing to do her job and of leaving the prisoners to face risks that could be averted by faithful implementation of the grievance machinery. He contends, instead, that [examiner] should be held liable because she carried out her job exactly as she was supposed to.").

Also, Rozak alleges that defendants Sergeant R. Lyyski and Sergeant John Bahr worked in the mailroom during at least some of the time in question, but he does not allege that they were aware of the mail-opening problem or were personally involved in the events discussed above. So I would not allow Rozak to proceed on claims against these defendants either. When he supplements his complaint, he should explain what these defendants did to harm him and how he was harmed by those actions.

Rozak also alleges that prison officials will not grant his open-records requests to obtain grievance records documenting the frequency of legal-mail-tampering grievances. He cannot bring an access-to-the-courts claim about open-records denials because the only harm he

appears to have suffered is in obtaining evidence for use in this case. If Rozak properly amends his complaint as explained above, I will allow him to proceed on mail-tampering claims and he will then have the opportunity to use the discovery process to request information from defendants. Regardless of state officials' interpretation of the open records law, defendants will have to respond or object to the discovery requests Rozak makes.

This court also cannot entertain a private cause of action under the Wisconsin open-records law, *see* Wis. Stat. §§ 19.31–.39. Prisoners are generally barred for making open-records requests, and this court cannot entertain mandamus actions for release of records contemplated under the Wisconsin law. *See McCormack v. Hamblin*, No. 12-cv-535-bbc, at 28–29 (W.D. Wis. Jan. 10, 2013). So he cannot proceed on a claim under state law.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak may have until August 5, 2019, to submit a supplement to his complaint fixing the pleading problems discussed in the opinion above.

2. Plaintiff is DENIED leave to proceed on his open-records claims.

Entered July 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge